1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  TIMOTHY ANDERSON,            )      Case No. EDCV 11-01283 VAP (DTBx)
                                 )
12              Plaintiff,       )      STANDING ORDER
                                 )
13      v.                       )
                                 )
14  HOME DEPOT U.S.A., INC.;     )
    SHANNON HAMMOND; AND DOES 1  )
15  THROUGH 100, INCLUSIVE,      )
                                 )
16              Defendant.       )
    _____)

17

18         **READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE
            AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

19

20      This action has been assigned to the calendar of Judge

21  Virginia A. Phillips.

22      The responsibility for the progress of litigation in the

23  Federal Courts falls not only upon the attorneys in the action, but

24  upon the Court as well.  To secure the just, speedy, and

25  inexpensive determination of every action, (Fed. R. Civ. P. 1), all

26  counsel are hereby ordered to become familiar with the Federal

27  Rules of Civil Procedure and the Local Rules of the Central

28  District of California.[*]

s:\vap\1civil\0cvordciv1.frm

The Court further orders as follows:

**1.   Service of the Complaint.**  The Plaintiff shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.

**2.   Proposed Orders.**  Each party filing or opposing a motion or seeking the determination of any matter shall serve and file a proposed order which sets forth the relief or action sought and a brief statement of the rationale for the decision, including citation of authorities, that the party requests the Court to adopt.

**3.   Presence of Lead Counsel.  All** lead trial counsel must attend any scheduling and pretrial conferences set by the Court. Failure of lead trial counsel to appear for those proceedings is a basis for sanctions.

**4.   Motions.**  Motions shall be filed and set for hearing in accordance with Local Rule 6-1.  Motions will be heard on Mondays commencing at 2:00 p.m.  If Monday is a national holiday, this Court does not hear motions on the succeeding Tuesday.  Any motion noticed for a holiday shall automatically be set to the next Monday without further notice to the parties.  Any opposition or reply papers due on a holiday are due the preceding Friday, not the following Tuesday.  Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages.  Replies shall not exceed 12 pages.  Only in rare instances, and for good

cause shown, will the Court agree to extend these page limitations.
When citing to legal databases, wherever possible cite to Westlaw
rather than Lexis.

Unless clearly justified under the circumstances of the case,
"motions to dismiss or in the alternative for summary adjudication"
are discouraged.  These composite motions tend to blur the
legitimate distinction[s] between the two motions, which have
different purposes.  Frequently, the composite motions introduce
evidence that is extrinsic to the pleadings.  On the one hand, such
evidence is improper for consideration in a Fed. R. Civ. P.
12(b)(6) motion, while on the other hand, treatment of the motion
as a Rule 56 motion frequently results in reasonable invocation of
Rule 56(f) by the non-moving party.

Moreover, Rule 12(b)(6) motions are discouraged unless counsel
has a good faith belief that such motion will likely result in
dismissal, without leave to amend, of all or at least some of the
claims under applicable law.

**Motions for Summary Judgment or Partial Summary Judgment:**   No
party may file more than one motion pursuant to Fed. R. Civ. P. 56
regardless of whether such motion is denominated as a motion for
summary judgment or summary adjudication.  Parties offering
evidence in support of, or in opposition to, a Rule 56 motion  must
cite to specific page and line numbers in depositions and paragraph
numbers in affidavits.  Furthermore, such evidence must be
authenticated properly.  The Court directs the parties to become
familiar with Orr v. Bank of America, NT & SA, 285 F.3d 764 (9th
Cir. 2002).

**Withdrawal or Non-Opposition of Motions:  In the event that the parties are able to resolve a pending motion, *they must notify the Court* approximately one week before the hearing date.** Sanctions may issue for failure to comply with this requirement, or the broader requirement in Local Rule 7-16 that any party who intends either to withdraw a motion, to not oppose a motion, or to seek a continuance of the hearing date for a motion, **must notify the court by noon on the Tuesday preceding the hearing date.**

**6.   Electronic filing.**  As of January 1, 2008, the United States District Court for the Central District of California will implement mandatory electronic filing ("e-filing") of documents in all new and pending civil cases.  Information about the Court's Electronic Case Filing system, is available on the Court's website at www.cacd.uscourts.gov/cmecf.

The "e-filing" of all documents required to be "e-filed" in this matter pursuant to General Order No. 07-08 shall be completed by **4:00 p.m. on the date due.**  Any documents "e-filed" after 4:00 p.m. on the date due will be considered **untimely.**

**7.   Courtesy copies.    Counsel shall provide one conformed courtesy copy of any "e-filed" document.**  Such courtesy copies shall be delivered to the "Courtesy Box," located outside of Courtroom 2 on the 2nd floor at the United States District Court, 3470 Twelfth Street, Riverside, California 92501, no later than noon of the day following "e-filing."

**8.   Discovery.**  All discovery matters have been referred to a United States Magistrate Judge (see initial designation following the case number) to hear all discovery disputes.  The words "DISCOVERY MATTER" shall appear in the caption of all documents relating to discovery to insure proper routing.  Counsel are directed to contact the Magistrate Judge Courtroom Deputy Clerk for the assigned Magistrate Judge to schedule matters for hearing.

The decision of the Magistrate Judge shall be final, subject to modification by the District Court only where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.

Any party may file and serve a motion for review and reconsideration before this court.  The party seeking review must do so within ten (10) days of service upon the party of a written ruling or within ten (10) days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the text are clearly erroneous or contrary to law and the claim must be supported by points and authorities.  A copy of the moving papers and responses shall be delivered to the Magistrate Judge's clerk for review upon the filing of the required documents.

**9.   *Ex Parte* Applications.**  *Ex parte* applications are considered on the papers and are not usually set for hearing. Counsel are advised that this Court allows *ex parte* applications solely for extraordinary relief -- sanctions may be imposed for misuse of *ex parte* applications.  <u>See In re Intermagnetics America, Inc.</u>, 101 B.R. 191 (Bankr. C.D. Cal. 1989).  Counsel also should

become familiar with <u>Mission Power Engineering Co. v. Continental</u>
<u>Casualty Co.</u>, 883 F. Supp. 488 (C.D. Cal. 1995), regarding *ex parte*
applications.

Counsel's attention is directed to Local Rule 7-19.  The
moving party shall serve the opposing party by facsimile
transmission and shall notify the opposition that opposing papers
must be filed not later than twenty-four hours following such
facsimile service.  The moving party's declaration in support of an
*ex parte* application shall show compliance with Local Rule 7-19 and
this Order, failing which the application shall be DENIED. If
counsel does not intend to oppose an *ex parte* application, they
must so inform the Courtroom Deputy Clerk, (951) 328-4461.  As with
all motion papers, counsel must deliver a conformed courtesy copy
of the papers to the "Courtesy Box", located outside of Courtroom 2
on the 2nd floor at United States District Court, 3470 Twelfth
Street, Riverside, California 92501.  Counsel will be notified by
the Courtroom Deputy Clerk of the Court's ruling or of a hearing
time and date should the Court determine that a hearing is
necessary.

**10.  Stipulations**.  Counsel requesting a continuance must
submit a stipulation, with a detailed declaration of the basis for
the requested continuance or extension of time, and a proposed
order.  Continuances will be granted only upon a showing of good
cause, focusing on the diligence of the party seeking the
continuance and any prejudice that may result if the continuance is
denied.  Any continuances that are requested without an
accompanying declaration will be rejected without notice to the

1   parties.  The Court sets **firm** trial dates and will not change them

2   without a showing of good cause.

3

4       **11.  Applications to File Under Seal.**  Parties are reminded

5   that court proceedings are presumptively public, and no document

6   shall be filed under seal without request for a court order that is

7   narrowly tailored to cover only the document, the particular

8   portion of the document, or category of documents for which good

9   cause exists for filing under seal.  To that end, if a party wishes

10  to file a document under seal, that party shall first file a

11  written request for a sealing order setting forth the good cause

12  and accompanied by a proposed order that is narrowly tailored as

13  specified above.

14      If the sole ground for the sealing order is that the opposing

15  party (or non-party) has designated the document as confidential,

16  the opposing party (or non-party) shall file a declaration

17  establishing good cause for the sealing along with a proposed

18  order, or shall withdraw the designation.  The declaration shall be

19  filed within five days of service on the opposing party (or non-

20  party) of the request for a sealing order.  If the declaration is

21  not filed as required, the Court may order that the document be

22  filed in the public record.

23      **Use of Sealed Documents in Motion Papers:** The Court cautions

24  parties that documents designated as confidential that are attached

25  as exhibits to case-dispositive motions, or redacted portions of

26  case-dispositive briefs that contain confidential information, must

27  meet the high "compelling reasons" threshold.  See Kamakana v. City

28  of Honolulu, 447 F.3d 1172 (9th Cir. 2006).  A good cause showing,

1   without more, will not satisfy a compelling reasons test, but will

2   only suffice to maintain the confidentiality of documents attached

3   to *non-dispositive* motions.  Documents designated as confidential

4   in conjunction with case-dispositive motions or briefs that do not

5   satisfy the compelling reasons test may accordingly be re-

6   designated as public information upon proper request.  See <u>Foltz v.</u>

7   <u>State Farm Mut. Automobile Ins. Co.</u>, 331 F.3d 1122 (9th Cir. 2003).

8        **Use of Sealed or Confidential Documents at Trial:**

9   Notwithstanding any provision of a protective order to the

10   contrary, any document, whether previously designated confidential

11   or previously sealed, will be unsealed and will lose its

12   confidential status if offered as an exhibit at trial, absent a

13   showing of the "most compelling" reasons.  See <u>Manual for Complex</u>

14   <u>Litigation</u> § 21.432; <u>Foltz</u>, 331 F.3d at 1135-36.  Any party

15   believing that a document, portions thereof, or witness testimony

16   should remain confidential or sealed during trial must request in

17   advance of trial that the court take extraordinary measures, such

18   as closing the courtroom to the public or sealing the trial

19   transcript, to protect the confidentiality of that information.

20   The request must be made in writing and filed no later than the

21   date on which pretrial papers are due.

22        If previously sealed documents are ordered unsealed for use at

23   trial, counsel for the party offering the document as evidence

24   shall, within two business days of the conclusion of the trial,

25   identify which entries on the docket represent the exhibits

26   actually received.  Counsel are required to cooperate with the

27   deputy clerk in order to complete the unsealing process in cases

28   involving voluminous sealed documents.

1    **12.   Removed Actions.**  Any answers filed in state court must

2    be re-filed in this Court (separately) as a supplement to the

3    petition.  Any pending motions must be re-noticed in accordance

4    with Local Rule 6-1.

5

6    **13.   Communications with Chambers.**  Counsel shall not attempt

7    to contact the Court or its staff by telephone or by any other *ex*

8    *parte* means.  Counsel must list their facsimile transmission

9    numbers along with their telephone numbers on their papers.

10

11   **14.   Notice of this Order.**  Counsel for plaintiff, or

12   plaintiff, if appearing on his or her own behalf, shall immediately

13   serve this Order on all parties, including any new parties to the

14   action.  If this case came to the Court by noticed removal, the

15   removing defendant shall serve this Order on all other parties.

16

17   **15.   Internet Site.**  Counsel are directed to review the

18   Central District's website for additional information.  The address

19   is "http://www.cacd.uscourts.gov".

20

21

22

23   Dated: August 16, 2011

24                                   VIRGINIA A. PHILLIPS
                                     United States District Judge

25

26

27

28

s:\vap\1civil\0cvordciv1.frm                    9

1   * Copies of the Local Rules are available on our website at
    "http://www.cacd.uscourts.gov" or they may be purchased from one of
2   the following:

3       Los Angeles Daily Journal
        915 East 1st Street
4       Los Angeles, California   90012

5       West Publishing Company
        610 Opperman Drive
6       Post Office Box 64526
        St. Paul, Minnesota   55164-0526
7
        Metropolitan News
8       210 South Spring Street
        Los Angeles, California   90012
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28